IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cherry Road Investors 2, LLC; Cherry Road Investors 5, LLC; Cherry Road Investors 6, LLC; Cherry Road Investors 13, LLC; Cherry Road Investors 17, LLC; Cherry Road Investors 21, LLC; and Cherry Road Investors 26, LLC, | ) ) ) ) ) ) ) ) | Civil Action No. 6:12-3076-TMC |
| Plaintiffs/Petitioners, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| TIC Properties, LLC; TIC Properties Management, LLC; Poinsett Capital Advisors, LLC; Barry Gruebbell; John W. Boyd; and Paul M. Aiesi, | ) ) ) ) ) | |
| Defendants/Respondents. | ) ) ) | |

This matter is before the court on the plaintiffs' motion for partial confirmation and partial vacatur of the arbitration award. (ECF No. 10.) The defendants do not challenge the portion of the motion requesting confirmation of the award (Defs' Memo. in Opp. p. 2 n.2, ECF No. 32), so the court will only address the plaintiffs' arguments for vacatur.

## I. Background

This motion concerns a commercial arbitration proceeding conducted in Greenville, South Carolina from June 4-8, 2012. The plaintiffs are a group of investors in a tenant-in-common real estate holding that was lost to foreclosure. The plaintiffs alleged that the defendants, the investment sponsors and property managers, caused the property's foreclosure by engaging in self-dealing and mis-managing the property. Specifically, the plaintiffs asserted claims for breach of contract, breach of fiduciary duty, negligence, fraud/intentional misrepresentation, negligent misrepresentation, theft/conversion, violation of the Tennessee

Securities Act, violation of the Tennessee Real Estate Broker License Act of 1973, and successor liability.

After a five day hearing, the arbitrator found that the defendants owed the plaintiffs $5,000 in misappropriated funds, but found for the defendants on all other claims. The plaintiffs move this court to vacate the portion of the award finding for the defendants because the arbitrator excluded the plaintiffs' expert testimony and manifestly disregarded clear legal principles.

## II. Legal Standard

The standard of review for a petition to vacate an arbitration award is "among the narrowest known to the law." *Long John Silver's Restaurants, Inc. v. Cole*, 514 F.3d 345, 349 (4th Cir. 2008). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision." *Id.* at 349; *see also Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S. Ct. 1758, 1773 (2010) (a party seeking vacatur "must clear a high hurdle" and generally "it is not enough . . . to show that the [arbitrator] committed an error – or even a serious error"); *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996) (the reviewing court is "to determine only whether the arbitrator did his job – not whether he did it well, correctly, or reasonably, but simply whether he did it").

"In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act or one of certain limited common law grounds." *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 207 (4th Cir. 2008). Under the FAA, a court may vacate an award if the arbitrator is guilty of misconduct in refusing to hear pertinent and material evidence or "the

arbitrator exceeded his powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(3),(4). In addition, a court may vacate an award if "the award fails to draw its essence from the contract, or the award evidences a manifest disregard for the law." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006).

### III. Discussion

The plaintiffs claim that the court should vacate a portion of the award because the arbitrator: (1) suppressed pertinent evidence by not hearing their experts' testimony on fiduciary duties, (2) disregarded black letter law regarding fiduciary obligations, and (3) did not give ample weight to the parties' contract. The court does not find any of these claims compelling enough to warrant vacating the award.

#### a. Exclusion of Expert Witness

Pursuant to FAA § 10(a)(3), a court may vacate an arbitration award if the arbitrator was "guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). However, the arbitrator "retains broad discretion over procedural matters and does not have to hear every piece of evidence that the parties wish to present." *Int'l United Mine Workers of Am. v. Marrowbone Dev. Co.*, 232 F.3d 383, 389-90 (4th Cir. 2000). Vacatur based on an arbitrator's refusal to hear evidence is appropriate only "when the exclusion of relevant evidence so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Id*. Accordingly, a court will not set aside an award because the arbitrator refused to hear immaterial, cumulative, or irrelevant evidence. *See id.*

The plaintiffs allege that the arbitrator improperly excluded testimony from two of their experts. According to the plaintiffs, these experts would have testified about fiduciary duties

owed by property and asset managers. However, the arbitrator refused to hear the testimony or allow the experts to submit reports or declarations into evidence because the plaintiffs failed to comply with the governing scheduling order.

The court agrees with the plaintiffs that the fiduciary duty issue was central to the arbitration proceedings. However, that issue was discussed in the parties' pre-hearing briefs and then, at the arbitrator's request, specifically addressed in post-hearing briefing.[1] Those briefs, along with the case law submitted in connection with the current motion, show that the existence of a fiduciary duty under Tennessee law[2] turns on the application of legal precedent to the specific facts of the case – an exercise with which an arbitrator would not require an expert's help. Accordingly, any expert testimony on the matter would have been either cumulative of testimony from the fact witnesses, or irrelevant. Therefore, the court finds that the arbitrator acted within her authority when she excluded the plaintiffs' expert testimony and that the plaintiffs did not suffer any prejudice because of her decision.[3]

### b. Manifest Disregard of the Law & Essence of the Contract

In the Fourth Circuit, a court may vacate an award based on an arbitrator's manifest disregard of the law when "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle."[4] *Cole*, 514 F.3d at 349. Accordingly, a movant must show that "the arbitrator, in making his ruling, was 'aware of the law, understood it correctly, found it applicable to the case before [him], and yet chose to

---

[1] The court also notes that the defendants did not present any expert testimony on the subject.

[2] It is undisputed that Tennessee substantive law governs the fiduciary duty issue in this case.

[3] Other courts have, similarly, upheld an arbitrator's evidentiary decision based on a party's non-compliance with a scheduling order. *See, e.g., U.S. ex rel G&C Constr., LLC v. Traveler's & Sur. Co. of Am.*, No. 1:08cv1437, 2011 WL 1376024 *3 (S.D. Miss. Apr. 12, 2011); *Global Scholarship Alliance v. Wyckoff Heights Med. Ctr.*, No. 09 Civ 8193, 2010 WL 749839 *2 (S.D.N.Y. Feb. 24, 2010).

[4] *Wachovia Securities, LLC v. Brand*, a 2012 Fourth Circuit opinion, holds that the two-part *Cole* test survives the United States Supreme Court's decisions in *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008) and *Stolt-Nielsen*, 130 S. Ct. 1758 (2010). 671 F.3d 472, 483 (4th Cir. 2012).

ignore it in propounding [his] decision.'" *Id.* (quoting *Remney v PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994)) (alterations in original).

In addition, "[a]n arbitration award fails to draw its essence from the agreement only when the result is not 'rationally inferable from the contract.'" *Patten*, 441 F.3d at 235 (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 n.5 (4th Cir. 1998)). Further, "an arbitration award does not fail to draw its essence from the agreement merely because a court concludes that an arbitrator has 'misread the contract.'" *Id.* (quoting *Upshur Coals Corp. v. United Mine Workers, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991)).

In deciding these interrelated issues, the court is limited to determining whether the arbitrator considered the legal authority and the language of the contract in making her decision; the court may not, in any way, re-weigh the merits. *See United Paperworkers Intl Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36-38 (1987).

In this case, the plaintiffs claim that the arbitrator disregarded clear Tennessee law on the fiduciary duties of asset managers. Specifically, the plaintiffs contend that *Key v. Lyle*, No. M2009-01328-COA-R3-CV, 2010 WL 1486908 (Tenn. Ct. App. April 13, 2010), stands for the proposition that, as a matter of law, a fiduciary relationship exists between property managers and property owners in Tennessee. The defendants, however, contend that the decision in *Key v. Lyle* is specific to the facts of that case and point to an almost contemporaneous decision holding that the relationship between a property management company and the property owners was not fiduciary *per se*, *Condominium Management Assocs. v. Fairway Villas Owner's Ass'n*, No. W2009-00688-COA-R3-CV, 2010 WL 424592 (Tenn. Ct. App. Feb. 8, 2010).

The court has reviewed these cases, along with several other cases and authorities cited and relied on by the parties, and cannot say with certainty that the relationship between property

managers and property owners in Tennessee is fiduciary *per se*.[5]  Rather, the Tennessee courts allow the evidence, including the management agreements, to define the relationships between the parties.  If the relationship is not fiduciary *per se*, then the courts look for evidence of a "confidential relationship," which arises when one party exercises "dominion and control" over the other.  *Foster Business Park, LLC v. Winfree,* No. M2006-02340-COA-R3-CV, 2009 WL 113242 *12-13 (Tenn. Ct. App. Jan. 15, 2009) ("Because confidential relationships can assume a variety of forms, the courts have been hesitant to define precisely what a confidential relationship is and the court must look to the particular facts and circumstances of the case to determine whether one party exercised dominion and control over another, weaker party.").

Here, the arbitrator appears to have looked to the management agreement, the confidential private placement memorandum, and other factors raised during the five days of testimony to determine the nature of the parties' relationship.

There is no evidence that the arbitrator did not consider the tendered legal authority.  In fact, the arbitrator requested post-hearing briefing on precisely this issue so she could consider it further.  The arbitration award reflects her determination after reviewing the law, interpreting the contracts, and evaluating the facts.  The court finds that the award is rationally inferable from the applicable contracts and the arbitrator did not manifestly disregard the law.

## IV. Conclusion

The court has carefully considered the parties' arguments and the full record and finds that the plaintiffs have not sustained the heavy burden of establishing grounds for vacating the arbitration award.  Therefore, the court denies the plaintiffs' motion for partial confirmation and

---

[5] At the least, the court cannot find that the contested legal principle is "clearly defined and not subject to reasonable debate."  *Cole*, 514 F.3d at 349.

partial vacatur of arbitration award (ECF No. 10) to the extent that it seeks vacatur, but grants the

motion to the extent it seeks confirmation of the arbitrator's award of $5,000 to the plaintiffs.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

Anderson, South Carolina
June 24, 2013