**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Cherry Road Investors 2, LLC, Cherry Road Investors 5, LLC, Cherry Road Investors 6, LLC, Cherry Road Investors 13, LLC, Cherry Road Investors 17, LLC, Cherry Road Investors 21, LLC, and Cherry Road Investors 26, LLC, | Civil Action No. 6:12-03076-TMC |
| Plaintiffs/Petitioners, | |
| vs. | |
| TIC Properties, LLC, TIC Properties Management, LLC, Poinsett Capital Advisors, LLC, Barry Gruebbell, John W. Boyd, and Paul Aiesi, | **ORDER AND OPINION** |
| Defendants/Respondents, | |
| vs. | |
| The Shirley and James Domian 1978 Trust; JHG, LLC, Kristen and Esteban Toscano Trust; Somers Investment Properties, LLC; Randy A. Stangler; Vincent E. Modzeleski and the Vincent Modzeleski Declaration of Trust; and The David M. Adelman and Phyllis Johnson Adelman Revocable Living Trust dated September 10, 1996, | |
| Third-Party Respondents. | |

On July 10, 2013, this matter came before the court for hearing on Third-Party Respondents' Motion to Dismiss Defendants'/Respondents' Direct Claim (ECF No. 47) and Defendants'/Respondents' Motion for Summary Judgment on their Direct Claims Against Third-Party Respondents (ECF No. 50).

## I.     Background

These motions concern a commercial arbitration proceeding conducted in Greenville, South Carolina, from June 4-8, 2012, under the auspices of the American Arbitration Association.

In the arbitration, the claimants were: Cherry Road Investors 2, LLC; Cherry Road Investors 5, LLC; Cherry Road Investors 6, LLC; Cherry Road Investors 13, LLC; Cherry Road Investors 21, LLC; and Cherry Road Investors 26, LLC (collectively, the "Arbitration Claimants"). And, the respondents were: TIC Properties, LLC; TIC Cherry Road Investors, LLC; TIC Properties Management, LLC; Cherry Road Acquisitions, LLC; Poinsett Capital Advisors, LLC; Barry Gruebbel; John Boyd; and Paul Aiesi (collectively, the "Arbitration Respondents").

The Arbitration Claimants initiated the arbitration proceeding under the Management Agreement and the Purchase Agreements, both of which contained arbitration provisions and authorized the award of fees and costs to the prevailing party. (*See* ECF No. 11-2.) However, the Arbitration Claimants were only party to the Management Agreement, not the Purchase Agreements. Thus, during the arbitration, the Arbitration Respondents sought to plead certain claims, including claims for fees and costs under paragraph 8.18.1 of the Purchase Agreements, against the principals of the LLC Arbitration Claimants: The Shirley and James Domian 1978 Trust; JHG, LLC, Kristen and Esteban Toscano Trust; Somers Investment Properties, LLC; Randy A. Stangler; Vincent E. Modzeleski and the Vincent Modzeleski Declaration of Trust; and

The David M. Adelman and Phyllis Johnson Adelman Revocable Living Trust dated September 10, 1996 (collectively, the "Third-Party Respondents").[1] (*See* ECF No. 11-9.)

Arguments were submitted to the arbitrator regarding these claims (*see, e.g.,* ECF Nos. 17-11, 47-3) and, on July 27, 2012, the arbitrator issued a Final Award, which, among other things, provided as follows:

> The Arbitrator finds as follows:
> 1. Claimants are awarded $5,000.00 for damages related to errors and omissions insurance premiums which Respondents shall pay to Claimants within ten (10) days of this Award.
> 2. The arbitration provisions in the Purchase Agreement provide for an award of attorney's fees and costs to the "substantially" prevailing party which the Arbitrator finds to be the Respondents. The Arbitrator apportions 25% of the claims as arising under the Purchase and Sale Agreement. Therefore, an award of 25% of Respondent's attorney's fees and expenses in the amount of $81,960.50 shall be paid by Claimants to Respondents. The language of the Management Agreement designates the "losing" party to bear the attorney's fees and arbitration costs. Since neither party prevailed on all claims, each party shall bear its own attorney's fees and costs for the claims arising under the Management Agreement.
> 3. The Counterclaim is hereby denied in its entirety.
> 4. All other claims are denied.

(ECF No. 17-12.)

Following receipt of the Final Award, the Arbitration Respondents sought clarification as to whether the fees and expenses award of $81,960.50 to the Arbitration Respondents was chargeable against the Third-Party Respondents. (ECF No. 50-3.)

On September 25, 2012, the arbitrator issued a Disposition for Application of Clarification of Award ("Disposition"), which provided, "Respondent's request for Clarification

---

[1] The court notes that the arbitrator never added these parties to the arbitration caption. These parties are identical to the Third-Party Respondents the Arbitration Respondents now assert direct claims against in this court. Accordingly, the court refers to them by the same designation throughout this order.

of the Award is denied as I have already addressed the third party respondents and the piercing of the corporate veil in my Order No. 4 dated September 27, 2011." (ECF No. 17-13.)

The arbitrator's Order No. 4 provides as follows:

> 1. Rule 6 of the American Arbitration Rules provides that after an arbitrator is appointed, no new claim may be submitted except with the Arbitrator's consent.
> 2. The Arbitrator has reviewed the Amended Response to Statement of Claims and Statement of Claims from Original Respondents against Original Claimants and Third Parties; Claimants' Response to Respondents Amended Response to Statement of Claims and Statement of Claims from Original Respondents Against Original Claimants and Third Parties and Memorandum in Response to Claimants' Arguments in Opposition to Statement of Claims and Third-party Claim and Claimants' "Request to Strike" and the supporting documentation submitted by the parties.
> 3. Respondent's request to add a new claim for Contractual Indemnification is denied as Respondent has not shown that the indemnification provisions cited by Respondent are applicable to claims from parties other than third parties.
> 4. Respondent's request to add a claim for Veil Piercing is denied as Respondent has not show [sic] adequate cause to justify such claim.
> 5. Claims for Attorney's fees and costs of arbitration are allowed in accordance with the provisions of the parties arbitration agreement.

(ECF No. 11-11.)

Thereafter, the parties brought post-arbitration motions before this court, including a direct claim in which the above-captioned Defendants/Respondents seek a judgment against the Third-Party Respondents for the fees and expenses assessed in the Final Award against the Arbitration Claimants under the Purchase Agreements.

## II.     Legal Standard

In keeping with the court's limited role in reviewing arbitration awards, it may not attempt to enforce an award that is ambiguous or indefinite because an ambiguous award does not constitute a "mutual, final, and definite award upon the subject matter submitted" within the

meaning of 9 U.S.C. § 10(d). *Olympia & York Florida Equity Corp. v. Gould*, 776 F.2d 42, 45 (2d Cir. 1985). "An award is ambiguous if it is susceptible to more than one interpretation or fails to address a contingency that later arises." *Green v. Ameritech*, 200 F.3d 967, 977 (6th Cir. 2000). If an award is ambiguous or indefinite, "to ensure that the court 'will know exactly what it is being asked to enforce,' the court should remand the award to the original arbitrator for clarification." *Am. Postal Workers Union, ALF-CIO v. U.S. Postal Service*, 254 F. Supp. 2d 12, 15 (D.D.C. 2003) (quoting *Green*, 200 F.3d at 977).

### III.   Discussion

#### a.   The Ambiguity

In this case, while the award details the arbitrator's findings regarding the apportionment of attorneys' fees and costs, read together with Order No. 4 and the underlying briefing, it is unclear against whom the court may enforce those findings. The court finds that, in application, the award is susceptible to multiple interpretations and is, therefore, ambiguous. This finding is supported by the parties' prior request for clarification and reasoned arguments presented to this court on both sides of the dispute.

The parties disagree on the meaning of three interrelated parts of the arbitration record: Order No. 4, the Final Award, and the Disposition. According to the Respondents' interpretation, paragraph three of Order No. 4 denies their contractual indemnification claim (primarily stated in paragraph 71 of their Amended Response to Statement of Claims, ECF No. 11-9) and paragraph five of Order No. 4 allows their claims for attorneys' fees and costs (specifically, paragraph 73 of their Amended Response, ECF No. 11-9, which seeks fees and costs from the Third-Party Respondents under the Purchase Agreements). Following this view,

5

paragraph two of the Final Award is enforceable against the Third-Party Respondents and the arbitrator's Disposition refers the parties back to Order No. 4's paragraph five as proof.

The Third-Party Respondents, on the other hand, read Order No. 4 to deny Respondents' claims against them in their entirety. In their view, paragraphs three and four deny the only claims against the Third-Party Respondents, so, they essentially deny adding Third-Party Respondents to the arbitration. Under that interpretation, paragraph five's reference to "the *parties* (sic) arbitration agreement" cannot refer to any agreement with the Third-Party Respondents. To them, this view is supported by the Final Award's denial of the counterclaim and all other claims and the Disposition's reference back to Order No. 4's denial of all claims against the Third-Party Respondents.

Thus, the award is susceptible to multiple viable interpretations and, therefore, ambiguous.

**b.     The Court's Question to the Arbitrator**

Accordingly, the court seeks clarification from the original arbitrator of the following questions:

1. Are the fees and expenses awarded the Respondents in paragraph two of the Final Award chargeable against the Third-Party Respondents?
2. If not, against whom may the court enforce paragraph two of the Final Award?

### IV.     Conclusion

The matter is hereby remanded to the arbitrator for clarification of the ambiguity outlined above.

The parties shall submit this order to the arbitrator. Unless the arbitrator so requests, the parties shall not submit any further argument or information to the arbitrator.

Third-Party Respondents' Motion to Dismiss Defendants'/Respondents' Direct Claim (ECF No. 47) and Defendants'/Respondents' Motion for Summary Judgment on their Direct Claims Against Third Party Respondents (ECF No. 50) are hereby DISMISSED without prejudice, with leave to re-file following the arbitrator's response.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Court Judge

Anderson, South Carolina
July 30, 2013